JUDGE PETEES
delivered the opinion op the court.
Appellee was indicted in the court below for obstructing the navigation of Griffrey’s- Creek, a stream in Lawrence County, declared navigable by an act of the General Assembly approved December 15, 1851.
On the trial of the indictment a verdict of not guilty was foflnd by the jury, and a judgment of acquittal was rendered thereon; and from that judgment the commonwealth has appealed.
*2 The punishment prescribed by statute for the offense charged in the indictment is imprisonment for not less than thirty nor more than ninety days, and a fine of not less than ten nor more than fifty dollars. (1 R. S., sec. 21, chap. 7, page 208.)
Section 347 of the Criminal Code provides that “ a judgment on a verdict of acquittal of an offense the punishment of which is imprisonment shall not be reversed.” This section applies to prosecutions for misdemeanors only. In prosecutions for felonies, although by section 332 of the Criminal Code a judgment in favor of the defendant which operates as a bar to a future prosecution for the offense shall not be reversed by this court, still the attorney-general is authorized by section 331, on being satisfied by an inspection of the record that error has been committed to the prejudice of the commonwealth, and upon which it is important to the correct and uniform administration of the criminal law that this court should decide, to prosecute an appeal on the terms and in the manner prescribed in said section. But in prosecutions for misdemeanors there is no such provision; and it results that in this case this court has no jurisdiction.
Wherefore the appeal is dismissed for want of jurisdiction.